The first case is Hodge v. ABACO. Good morning, your honors. Samuel Samaro for the appellant Stephen Hodge. I just want to make sure that your colleague, Michael Dee, is Mr. Dee on the call? Yes, your honor, I am. Okay, go ahead Mr. Samaro. So this case is about whether a certain offer letter in a prospective employment arrangement constitutes a five-year employment contract and there are a couple of sections that determine the answer to that question. The district court ruled, as a matter of law, the document, the offer letter, was not a contract and we believe that that was erroneous. The first provision says it is anticipated that your employment with the company will be for a minimum period of five years. And so I can only ask how anybody would feel receiving such an offer letter and what does what's the plain meaning of anticipated, anticipation? Well so there really isn't a plain meaning if you mean a meaning in every particular case. My question is what is the everyday plain meaning of the word anticipate? Look forward to, as in this context, look forward to, does we look forward to does that constitute a binding contract for a period of five years? Well I believe it does, your honor. I believe in the context of an agreement, it's always the most significant way to determine what it means. And in this particular case, you have a- What about the context of the other language in the termination provision? Well so I believe the anticipated language is clear or at least ambiguous as to whether it isn't a five-year contract. The termination provision, the first, there are two sentences. The first says that if there is just cause, the employer can terminate your employment for any reason. The second sentence says that the company will be entitled to terminate your employment for any reason other than cause by providing you with such minimum notice as required by law. And so the position of the other side is both of those provisions allow it to terminate Hodges employment for any reason at all. Is there any law that requires a minimum period of notice applicable to this case? Well, so it depends on whether or not this is a five-year contract. Because if it is a five-year contract, then the applicable law would require five years of notice or- But you're relying only on the anticipation language. There's nothing else in the law that would require any kind of notice, is that right? There's nothing, right, assuming again that it is at will employment, then the answer is there is no required notice at all. But that means that both provisions do the same thing. And why would we have two sentences that do the same thing? I thought their answer was that they operate in a number of jurisdictions and that if there is some minimum notice required in some jurisdiction, they'll provide it. I thought that was their answer. And Your Honor, I would say that that establishes that this is boilerplate language. That this is not language specific to this arrangement. The language that is specific to the arrangement is in the first provision I talked about, that the employment was anticipated to last five years. So the law is the specific controls over the general and discovery may establish where this language, this determination provision came from. So this is a 100% on what does anticipated mean? So I believe that we are anticipated, as we say in our brief, can mean many different things. It is something called a polysemous word, which means it has many meanings and can have many meanings. And that means as a matter of law, it doesn't have a clear meaning here. And so if it doesn't have a clear meaning here, then we should be entitled to discovery as to what everybody thought this meant. But it's just, it is not nearly a clear enough provision to justify a dismissal at this stage of the proceedings before we have any discovery about what the parties thought. So I will, I've reserved two minutes, so I'll cede the floor to my colleague and perhaps something, have something to say after he speaks. All right, Mr. D? Good morning, your honors. May it please the court. Michael D. from O'Toole Scrivo on behalf of the appellee. Your honors, this is a pretty straightforward case. As Mr. Somao just confirmed, and as the complaint also confirms, this complaint and the breach of contract claim is reduced to the single April 19th, 2018 offer letter. I submit that when you read that document in its entirety, it is plain that Judge Stanton is correct, that it speaks of intentions and expectations, but not obligations. So at the end of the day, your honors, we respectfully request that Judge Stanton's decision dismissing the complaint be affirmed. I think it's also important to put in context this agreement in the sense that it's not that we're looking at an offer letter in a vacuum. We're looking at it against New York's at-will employment doctrine. So, you know, perhaps there's some potential disagreements on the level of certainty you're talking about when you use the word anticipated. The bottom line, though, is that it doesn't cross the line to becoming definite. And I think the airplanes case, it's a Southern District case cited by the appellant in their opening brief, really kind of speaks to what it can mean. There is a spectrum of what anticipated could mean, but it never crosses that line into definite. And that's where Mr. Hodge has to get to, to overcome the burden, or excuse me, the bar here, the presumption of at-will employment. And then obviously beyond simply the anticipated language, I would submit that the termination clause, which is only about two paragraphs down on the same page, is clear. There's nothing ambiguous about it. There's nothing redundant about it. What about the second sentence? I mean, isn't the second sentence arguably superfluous? I mean, that's the argument. Your Honor, I understand that's the argument. I completely disagree. You know, the argument is it rests on this notion that when the term or the word law is used, it's a reference to the contract. Obviously, the contract is not the law. The law is the law. And some jurisdictions. Judge Rustani asked about whether there are jurisdictions that impose some kind of minimum notice requirement. Is that the reason for this sentence or that language? Absolutely, Your Honor. Go ahead. Well, Your Honor, I'm very happy to answer, and Your Honors, I'm very happy to answer any other questions that the court may have. Otherwise, you know, our position is the agreement is clear and we'll rest on our briefs. All right. Thank you. Mr. Smarl, you have some rebuttal time. Yes. Yes, Your Honor. So so I would wonder then, every line in a contract is supposed to have meaning. And I would wonder then if counsel is correct, what is the purpose of this language? It is anticipated that your employment with the company will be for a minimum of five years. Right. It's either a suggestion about what you can expect if you sign the offer letter or it is a trick. Who would read this sentence as a recipient of this offer letter? And ever assume that they weren't being offered five years of employment. And then to base after you get past that and you move to the the the so-called termination provision, it says that we have the right to terminate you without cause upon providing such minimum notice as required by law. So what law? Right. I mean, this is a Spanish company and the allegation is that they were relying upon a provision that applies to Spanish employees. That's not this employee. And so it is it is at most a general term used in these agreements that is in contradiction to the five year employment term. And for that reason, we respectfully request that dismissal as a matter of law was not right. And we should be afforded the opportunity to take discovery on these questions. Thank you. Thank you. Both will reserve a decision. Thank you, Your Honors.